```
               IN THE UNITED STATES DISTRICT COURT
              FOR THE MIDDLE DISTRICT OF GEORGIA
                         ATHENS DIVISION
```

CARRINGTON MORTGAGE SERVICES,   \*
LLC,
                                \*
    Plaintiff,
                                \*
vs.                                      CASE NO. 3:16-CV-86 (CDL)
                                \*
TABITHA K. DYE, *et al.*,
                                \*
    Defendants.
                                \*

## O R D E R

Presently pending before the Court is a motion to dismiss Third-Party Plaintiff Brian Ponder's claims against Third-Party Defendants Joseph Kelsey Grodzicki and Campbell & Brannon, LLC. As discussed below, the motion to dismiss (ECF No. 2) is granted as to Ponder's federal claims, the Court declines to exercise supplemental jurisdiction over his state law claims, and this action is remanded to the Superior Court of Elbert County, Georgia.

## MOTION TO DISMISS STANDARD

"To survive a motion to dismiss" under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The complaint must include sufficient factual

allegations "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.  In other words, the factual allegations must "raise a reasonable expectation that discovery will reveal evidence of" the plaintiff's claims.  *Id.* at 556. "Rule 12(b)(6) does not permit dismissal of a well-pleaded complaint simply because 'it strikes a savvy judge that actual proof of those facts is improbable.'" *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1295 (11th Cir. 2007) (quoting *Twombly,* 550 U.S. at 556).

                        FACTUAL BACKGROUND

Tabitha K. Dye borrowed money to purchase property at 416 Elm Street in Elberton, Georgia.  Dye signed a promissory note evidencing her debt to the lender and executed a security deed to secure the note.  The security deed was ultimately assigned to Carrington Mortgage Services, LLC.  Carrington Mortgage asserts that Dye defaulted on her mortgage payments under the terms of the note and security deed.  In November 2015, the property was sold at a non-judicial foreclosure sale; Carrington Mortgage asserts that it was the highest and best bidder and that it holds a Deed Under Power.  Shortly before the foreclosure sale, Dye had transferred the property to 416 Elm Street Land Trust via quitclaim deed.  Brian L. Ponder is the trustee of the trust.  There is no allegation or evidence that

Ponder assumed Dye's mortgage.  And there is no allegation or evidence that the foreclosure sale has been set aside.

In May 2016, Carrington Mortgage filed a dispossessory complaint in the Magistrate Court of Elbert County, Georgia against Tabitha K. Dye and all others who are tenants at sufferance at 416 Elm Street.  The case was later transferred to the Superior Court of Elbert County, Georgia.  Ponder filed an answer to the dispossessory complaint, stating that he owns the property based on Dye's quitclaim deed to him as trustee of 416 Elm Street Land Trust.  He seeks to have the foreclosure sale set aside, and he asserts a state law counterclaim for quiet title.  Ponder also asserts third-party claims against Carrington Mortgage's attorney, Joseph Kelsey Grodzicki, and his law firm, Campbell & Brannon, LLC (collectively, "Grodzicki Defendants").  Ponder's claims against the Grodzicki Defendants are for state law fraud and for violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*  Based on the FDCPA claims, the Grodzicki Defendants removed the action to this Court, and then filed a motion to dismiss for failure to state a claim and for insufficient service of process.[1]  Ponder did not respond to the motion to dismiss.

---

[1] Ponder is required to serve the third-party defendants with a summons and complaint.  Fed. R. Civ. P. 14(a)(1); O.C.G.A. § 9-11-14(a). There is no evidence in the present record that Ponder, who filed his third-party complaint on June 4, 2016, served Grodzicki or Campbell & Brannon before or after the action was removed to this Court.  Under

3

DISCUSSION

Congress enacted the FDCPA "to eliminate abusive debt collection practices by debt collectors." 15 U.S.C. § 1692(e). Under the FDCPA, "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. A debt collector also "may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f. Thus, to state a claim under the FDCPA, Ponder must allege that a "debt collector" attempted to collect a "debt" from him in a way that violates the FDCPA.[2]

Here, Ponder alleges that the Grodzicki Defendants violated both 15 U.S.C. § 1692e and § 1692f by filing the dispossessory action on behalf of Carrington Mortgage. The Grodzicki Defendants' chief argument in support of their motion to dismiss is that Ponder did not adequately allege that the Grodzicki

---

Federal Rule of Civil Procedure 4(m), a plaintiff generally must serve a defendant "within 90 days after the complaint is filed." And under 28 U.S.C. § 1448, if a defendant was not served prior to removal, "service may be completed or new process issued in the same manner as in cases originally filed in [the] district court." It has not been ninety days since the Grodzicki Defendants removed this action, and the Court declines to dismiss the third-party complaint for insufficient service at this time.

[2] The Grodzicki Defendants argue, based on the Supreme Court's recent decision in *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540 (2016), as revised (May 24, 2016), that Ponder did not adequately allege that he suffered an injury. Based on the Eleventh Circuit's recent decision in *Church v. Accretive Health, Inc.*, No. 15-15708, 2016 WL 3611543, at *3 (11th Cir. July 6, 2016) (per curiam), the Court is not convinced that Ponder failed to allege an injury *if* he adequately alleged that a debt collector attempted to collect a debt from him in a way that violates the FDCPA.

4

Defendants are "debt collectors" within the meaning of the FDCPA. Under the FDCPA, "[t]he term 'debt collector' means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). "So a party can qualify as a 'debt collector' either by using an 'instrumentality of interstate commerce or the mails' in operating a business that has the principal purpose of collecting debts or by 'regularly' attempting to collect debts." *Reese v. Ellis, Painter, Ratterree & Adams, LLP*, 678 F.3d 1211, 1218 (11th Cir. 2012).

Ponder alleges, in conclusory fashion, that the Grodzicki Defendants "use instrumentalities of interstate commerce and mail to collect debts" and "regularly collect or attempt to collect debts owed or due or asserted to be owed or due another." Third-Party Compl. ¶¶ 2-3, ECF No. 1-1 at 10. Ponder did not allege any facts to support these conclusory allegations, and the Eleventh Circuit has found a complaint to be deficient where the plaintiff failed to allege facts in support of similar conclusory allegations. *White v. Bank of Am. Bank, NA*, 597 F. App'x 1015, 1020 (11th Cir. 2014) (per curiam).

Even if the Court did find Ponder's conclusory allegations to be sufficient, his FDCPA claims fail because he did not allege that the Grodzicki Defendants tried to collect a "debt" from him in a way that violates the FDCPA.  Ponder contends that the dispossessory action, including the affidavit for summons of dispossessory that Grodzicki filed in the Magistrate Court of Elbert County on behalf of Carrington Mortgage, violates 15 U.S.C. § 1692e(2)(A),   § 1692e(2)(B),   § 1692e(3),   and § 1692f(1).  Again, 15 U.S.C. § 1692e prohibits use of "false, deceptive, or misleading representation or means in connection with the collection of any debt," and § 1692f prohibits use of "unfair or unconscionable means to collect or attempt to collect any debt."  The statute provides examples of conduct that is prohibited.   Section 1692e(2)  prohibits  "[t]he  false representation of -- (A) the character, amount, or legal status of any debt; or (B) any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt."  Section 1692e(3) prohibits "[t]he false representation or implication that any individual is an attorney or that any communication is from an attorney."[3]  Section 1692f(1) prohibits "[t]he collection of any amount (including any interest, fee, charge, or expense incidental to the

---

[3] The basis for Ponder's claim under § 1692e(3) is unclear given that he alleges that Grodzicki "is an active member in Good Standing with the State Bar of Georgia and employed as an attorney at . . . Campbell & Brannon, LLC."  Third-Party Compl. ¶ 14.

6

principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law."

Ponder's key argument appears to be that in filing the dispossessory action, the Grodzicki Defendants are attempting to collect a debt from Ponder for "rent for possession of the real property located at 416 Elm Street." Third-Party Compl. ¶ 11. Under the FDCPA, the "term 'debt' means any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment." 15 U.S.C. § 1692a(5). But a plain reading of the affidavit in support of the dispossessory action suggests that the Grodzicki Defendants are not attempting to collect any rent. Rather, they are seeking possession of property which they contend their client owns by virtue of a foreclosure sale that has not been set aside.

The affidavit states that past due rent is "$ -0-." Notice of Removal Ex. A, Aff. for Summons of Dispossessory 1, ECF No. 1-1 at 1.[4] The affidavit form states that Carrington Mortgage "is entitled to recover any and all rent that may come due until this action is finally concluded," but the space on the

---

[4] Ponder does not challenge the authenticity of the affidavit, which is central to his FDCPA claims.

7

affidavit for "rent accruing" is blank. *Id.* The affidavit further states that "Tabitha K. Dye and all Others" are tenants at sufferance and that Carrington Mortgage, the owner of the property, "desires and has demanded possession of the premises and [Dye] has failed and refused to deliver said possession." *Id.* In sum, the affidavit states that Carrington Mortgage seeks possession of the premises and does not state that Dye or Ponder or anyone else owes any amount in rent. From this, the Court cannot conclude that Ponder has adequately alleged that the Grodzicki Defendants sought to collect a "debt" from Ponder. Ponder's claims under § 1692e and § 1692f therefore fail.

## CONCLUSION

For the reasons set forth above, Ponder's FDCPA claims fail. The FDCPA claims are the only claims over which the Court has original jurisdiction. The Court declines to exercise supplemental jurisdiction over the state law claims, *see* 28 U.S.C. § 1367(c)(3), and the Clerk is directed to remand this action to the Superior Court of Elbert County, Georgia.

IT IS SO ORDERED, this 12th day of September, 2016.

s/Clay D. Land
CLAY D. LAND
CHIEF U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA